UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

IN RE:

| | | |
|---|---|---|
| David Earl Bair, Jr. | : | Case No. 18-10148 |
| | : | |
| Debtor | : | Chapter 7 |
| _____ | : | |
| | : | |
| Daniel M. McDermott | : | |
| United States Trustee | : | |
| 550 Main Street, Suite 4-812 | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | Hon. Jeffery P. Hopkins |
| Plaintiff | : | **Chief U.S. Bankruptcy Judge** |
| | : | |
| vs. | : | |
| | : | |
| David Earl Bair Jr. | : | |
| 1800 Tanglewood Dr. | : | |
| Loveland, Ohio 45140 | : | |
| | : | |
| Defendant | : | |

## COMPLAINT TO REVOKE DISCHARGE

Daniel M. McDermott, the United States Trustee for Region 9, (the "United States Trustee") brings this action pursuant to 11 U.S.C. § 727(d)(1) for revocation of discharge of David E. Bair, Jr. (hereinafter "Defendant" or "Debtor"). In support of this complaint, the United States Trustee states as follows:

### PARTIES

1. Plaintiff, Daniel M. McDermott, is the United States Trustee appointed pursuant to 28 U.S.C. § 581 for Region 9, which includes the judicial district of Ohio and whose address is 550 Main Street, Suite 4-812, Cincinnati, Ohio 45202.

2. As of the date of the Chapter 7 filing, Defendant's address of record is 1800 Tanglewood Dr., Loveland, Ohio 45140.[1]

### STATEMENT OF JURISDICTION AND VENUE

---

[1] Upon information and belief, Defendant now lives at 727 Crescent Ave, Covington, KY 41011. The United States Trustee will serve this Complaint at both addresses out of an abundance of caution.

3. This is an adversary proceeding in which the United States Trustee is seeking a revocation of the discharge of Defendant under 11 U.S.C. § 727(d)(1). This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. §157(b)(2)(A) and (J), this is a "core" proceeding. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). The United States Trustee has standing to file this complaint pursuant to 11 U.S.C. §§ 307 and 727(d).

4. This adversary proceeding arises out of and relates to the Chapter 7 case of In re David Earl Bair, Jr., Case No. 18-10148, on the docket of this Court.

## PROCEDURAL BACKGROUND AND FACTS

5. The above-captioned proceeding was commenced by the filing of a voluntary petition on January 19, 2018. Henry Menninger, Jr. was appointed the Chapter 7 Panel Trustee ("Trustee").

6. The Meeting of Creditors ("341 Meeting") was noticed for February 21, 2018 (Docket No. 7), when it was held and concluded. At the 341 Meeting, Defendant testified that his bankruptcy Schedules are true, accurate, and correct.[2]

7. The Trustee filed a Notice of Assets on April 2, 2018 (Virtual Entry). Defendant was granted a discharge on September 28, 2018 (Docket No. 21).

8. On February 5, 2019, the United States Trustee first received information that Defendant failed to disclose his ownership interest in a construction company called Rafterhaus Construction, LLC.

9. Under 11 U.S.C. § 727(e)(1), the United States Trustee may request a revocation of a discharge under § 727(d)(1) within one year of the granting of the discharge. Based upon the fact that the discharge was granted on September 28, 2018, and the United States Trustee did not initially learn of a potential dischargeability issue until February 5, 2019, this Complaint is timely filed.

10. From roughly 2012 to 2017, Defendant worked as a project manager for Bair Build Company, LLC ("Bair Build"), a construction company owned by Defendant's mother, Suzanne Bair.[3]

11. Although he did not own Bair Build, Defendant managed the day-to-day

---

[2] A transcript of the 341 Meeting will be made available prior to trial.

[3] Suzanne Bair currently has a chapter 7 case (18-12585) and multiple adversary proceedings pending before this court. Suzanne Bair's petition discloses that she is 100% owner of Bair Build.

operations, oversaw all construction projects, and was the face that most creditors interacted with. Defendant personally guaranteed several of Bair Build's debts and Defendant regularly represented that he was a "managing member" or "owner" in affidavits, contracts, emails, and on social media.[4]

12. Bair Build effectively shut down in August of 2017 when its bank account closed. The company shut down due to financial pressure from creditors and their collection efforts.

13. Defendant continued doing construction work after leaving Bair Build. Rather than form a new company under his own name, Defendant asked his family to help him form a company that would be legally owned by his grandmother.

14. On September 12, 2017, twenty days after Bair Build's bank account closed, Defendant's 76 year-old grandmother signed and filed paperwork with the Ohio Secretary of State to form Rafterhaus Construction, LLC ("Rafterhaus").

15. Rafterhaus is nearly identical to Bair Build. Like Bair Build, Rafterhaus operates as a general contractor doing construction projects in Cincinnati and northern Kentucky. Rafterhaus takes credit for Bair Build's construction projects on social media, despite those projects being completed years before Rafterhaus formed. When Bair Build shut down, Rafterhaus took possession of Bair Build's assets that were stored in a 6,800 square foot warehouse.[5] Rafterhaus then began paying rent for the warehouse instead of Bair Build.

16. Although Defendant's grandmother is the legal owner of Rafterhaus, Defendant retains all the benefits of an owner. Defendant operates Rafterhaus exclusively, makes all managerial and financial decisions for the company, and uses the company's bank account to pay his personal expenses.

17. Defendant's grandmother does not participate in the operation of Rafterhaus and has not received any payments, distributions, or other income from Rafterhaus. By making his grandmother the owner of Rafterhaus, Defendant organized his affairs so that he would receive the benefit of Rafterhaus without ever making such benefits within the reach of his creditors.

18. Rafterhaus maintains a bank account with Huntington Bank (the "Rafterhaus

---

[4] As of August 2019, Defendant's LinkedIn profile still says he is a "Managing Member at Bair Build Co."

[5] The warehouse, leased by one of Bair Build's wholly owned subsidiaries and executed by Defendant, is located at 1706 John Street, Cincinnati, OH 45204. The landlord eventually evicted Rafterhaus on February 14, 2019. See Hamilton County Case No. 19CV01013.

Huntington Account").

19. The bank statements for the Rafterhaus Huntington Account revealed deposits/credits of over $100,000 between October 1, 2017 and January 19, 2018, the day Defendant filed the petition.

20. Defendant treated the Rafterhaus Huntington Account as if it were his personal bank account and used it to pay his personal expenses. To that end, income flowing into the Rafterhaus Huntington Account was actually Defendant's income, though masked through a business account.

21. Defendant filed his complete schedules and statement of financial affairs on January 19, 2018. Defendant signed each of those documents under penalty of perjury.

22. On Schedule B, Defendant discloses a bank account at Huntington Bank with $50 on the day of filing the petition.

23. The Rafterhaus Huntington Account had a balance of approximately $50 the day *before* filing the petition. On the day of filing, the account had a balance of $31,052.72.

24. In accordance with FED.R.BANKR.P. 4002(b)(2)(B) and L.B.R. 4002-1(a)(12), Defendant was required to bring a bank statement to the 341 Meeting showing the account balance on the date of filing.

25. Defendant did not bring a bank statement to the 341 Meeting. At the 341 Meeting, Defendant's attorney told the Trustee that he would provide a bank statement at a later date.

26. After the 341 Meeting, the Trustee contacted Defendant's attorney and asked for a copy of the Huntington bank statement showing the account balance on the date of filing.

27. In response, Defendant now claimed that he didn't have a Huntington bank account on the day of filing. He lied. Defendant *did* have a Huntington bank account on the day of filing because he was using the Rafterhaus Huntington Account to pay his personal expenses.

28. Defendant failed to disclose his equitable ownership of Rafterhaus on the Statement of Financial Affairs, Question 27.

29. On Schedule I, Defendant claimed to be unemployed and testified to the same at the 341 Meeting. Those statements are false because Defendant was operating Rafterhaus, a company that had approximately $100,000 cash flow through its bank account during the three months prior to filing the petition.

30. Two more times during the 341 Meeting, the Trustee asked Defendant whether he had an interest in any company, or whether he had any interest in any business enterprise in the

4

last six years. Both times, Defendant testified "no."

31. On line 8h of Schedule I, Defendant claimed income of $2,500/mo. for work doing "odd jobs." Defendant testified to the same at the 341 Meeting. Those statements are false for two reasons. First, to the extent Defendant's operation of Rafterhaus qualifies as "odd jobs," that income should have been reported as income from operating a business on line 8a of Schedule I. Second, based on Defendant's utilization of the Rafterhaus Huntington Account to pay personal expenses, the disclosed income of "$2,500" is materially underreported.

## COUNT ONE
## REVOCATION OF DISCHARGE UNDER 11 U.S.C. § 727(d)(1)

32. The United States Trustee repeats and incorporates all of the allegations contained in paragraphs 1 through 31 of this Complaint as if fully set out herein.

33. Pursuant to 11 U.S.C. § 727(d)(1), the United States Trustee seeks to have this Court revoke the discharge obtained by Defendant. Section 727(d)(1) reads, in pertinent part, as follows:

> The court shall revoke a discharge granted if –
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of the discharge.

34. The discharge in this case was obtained through the fraud of the debtor because Defendant filed schedules that did not reflect all of his assets and income, and Defendant testified falsely at the 341 Meeting.

35. Specifically, Defendant committed knowing and fraudulent false oaths and acts of concealment throughout his bankruptcy by:

  a. Failing to disclose that Defendant is the equitable owner of Rafterhaus on Question 27 of the Statement of Financial Affairs;

  b. Stating that Defendant is unemployed on Schedule I and testifying to the same at the 341 Meeting, even though Defendant was employed as a managing executive of Rafterhaus;

  c. Testifying two more times at the 341 Meeting that Defendant did not have an interest in any company, and that he had no interest in any business enterprise in the last six years;

    d. Materially underreporting Defendant's gross income on Schedule I and at the 341 Meeting;

    e. Stating on Schedule I that the income Defendant earned came from "odd jobs" and testifying to the same at the 341 Meeting;

    f. Withholding from the Trustee a copy of the Huntington bank statement for the account listed on Schedule B, which would have revealed a $31,052.72 balance on the day of filing; and

    g. Telling the Trustee after the 341 Meeting that he did not have a Huntington bank account on the day of filing, and that the Huntington account disclosed on Schedule B was an error.

36.     The United States Trustee was not aware of Defendant's fraudulent conduct until after the discharge was entered by this Court.

37.     Defendant's concealment of his equitable interest in Rafterhaus and related false oaths as described above constitute fraud, all of which warrant a revocation of discharge under 11 U.S.C. § 727(d)(1).

## REQUEST FOR RELIEF

WHEREFORE, the United States Trustee respectfully prays that the Court grant judgment in favor of Plaintiff and enter an Order revoking the discharge of Defendant David Earl Bair, Jr. under 11 U.S.C. § 727(d)(1) pursuant to Count 1 and enter such other relief as the Court deems just and proper.

                              Respectfully Submitted,

Dated: September 17, 2019          DANIEL M. MCDERMOTT
                                         UNITED STATES TRUSTEE FOR REGION 9

                                         by:

                                         /s/ Benjamin A. Sales
                                         Benjamin A. Sales (CO# 51551)
                                         Attorney for the United States Trustee
                                         550 Main Street, Suite 4-812
                                         Cincinnati, Ohio 45202
                                         Voice: 513-684-6988, ext. 223
                                         Fax: 513-684-6994
                                         E-mail: Benjamin.a.sales@usdoj.gov